THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JUSTIN F. BROWN,<br><br>               Plaintiff,<br><br>v.<br><br>BLAKE HILLS,<br><br>               Defendant. | **MEMORANDUM DECISION &<br>ORDER TO SHOW CAUSE**<br><br>Case No. 2:22-CV-435-DAK<br><br>District Judge Dale A. Kimball |

Having screened Plaintiff's *pro se* prisoner civil-rights Complaint,[1] under its statutory review function,[2] the Court proposes to dismiss this action because Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 5.)

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2023).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2023).

Plaintiff names as defendant Blake Hills, whom Plaintiff alleges prosecuted a crime against Plaintiff in 2014.[3] (*Id.*) Plaintiff asserts Defendant violated Plaintiff's federal constitutional rights by prosecuting Plaintiff in state court without "statutory authority," as Plaintiff's crime was committed in the Veteran's Affairs Hospital, which Plaintiff contends is under federal jurisdiction. (*Id.*) Plaintiff's "Request for Relief" asks for release from custody. (*Id.*)

## I. ANALYSIS

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*,

---

[3] Plaintiff also asserts Defendant Hills is now a member of Utah's Board of Pardons and Parole (UBOP), and, "there has been multiple questionable actions by the Board concerning [Plaintiff's] parole." (ECF No. 5.) Because Plaintiff has not specifically connected Defendant to these questionable actions, nor has Plaintiff detailed the questionable actions, the Court does not further address these allegations. Plaintiff may want to bear in mind that UBOP members "are 'absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole.'" *Wach v. Cochran*, No. 22-4077, 2023 U.S. App. LEXIS 726, at *3 (10th Cir. Jan. 12, 2023) (unpublished) (quoting *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988) (per curiam)).

550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### A. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when

"'facts that would support a cause of action are or should be apparent.'" *Id*. at 675 (citation omitted). The circumstances underlying these claims appear to have occurred more than four years before this case was filed. The face of the complaint states that the claims against Defendants accrued by December 8, 2014--nearly eight years before the Complaint was filed on June 30, 2022. The Court thus proposes to dismiss this case under the statute of limitations. *Jamerson v. Heimgartner*, 752 F. App'x. 557, 562 (10th Cir. Sept. 21, 2018) (unpublished) ("A district court may dismiss a complaint *sua sponte* under § 1915A(b)(1) based on an affirmative defense such as the statute of limitations when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted))).

### B. Prosecutorial Immunity

The Complaint further alleges claims of unconstitutional behavior by Defendant in seeking Plaintiff's criminal conviction. Prosecutors acting within the scope of their duties enjoy absolute immunity from § 1983 actions. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Defendant's acts, as alleged by Plaintiff, appear to regard advocacy in court proceedings. Defendant is therefore entitled to absolute prosecutorial immunity from claims, and the Court proposes this as an alternative basis for dismissal.

### C. Habeas Relief

Plaintiff requests "immediate release." (ECF No. 5.) However, the statute Plaintiff invokes, § 1983, does not allow a habeas-corpus remedy. *See Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) (unpublished). Earlier release from incarceration may be attained in court by a writ of habeas corpus only, not by a civil-rights case. *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 489-90 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because the Complaint makes no claim to support habeas relief, this Court lacks authority to grant Plaintiff's discharge from custody. *See Crabtree*, 564 F. App'x at 404. The Complaint also may not be construed as a habeas petition; although courts must liberally construe *pro se* pleadings like Plaintiff's, that duty typically does not compel characterization of civil-rights claims as habeas claims. *See id.* Indeed, courts have limited power to reframe civil-rights claims in that way. *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). Notably, Plaintiff does not ask that the Complaint be read as raising something aside from civil-rights claims. *See Crabtree*, 564 F. App'x at 404.

The Court thus proposes to deny Plaintiff's request for release from custody, as another alternative basis for dismissal.

## II. MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask *pro bono* counsel to represent Plaintiff. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2023); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff has the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the

legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that Plaintiff's claims are not colorable, the issues are not complex, and Plaintiff is not too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies Plaintiff's motion for appointed counsel.

### III. ORDER

**IT IS ORDERED** that:

(1) Plaintiff must within thirty days **SHOW CAUSE** why this Complaint should not be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2023).

(2) Plaintiff's motion for appointed counsel is **DENIED**. (ECF No. 16.)

DATED this 31ST day of July, 2023.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court